**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-14057

Non-Argument Calendar

_____

ELISEO ISMAEL CHANCHAVAC-LEON,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A-215-866-159

_____

Before BRANCH, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Eliseo Ismael Chanchavac-Leon petitions this Court for review of the Board of Immigration Appeals's dismissal of his appeal of an immigration judge's denial of his application for asylum,

withholding of removal, and relief under the Convention Against Torture.  After careful review, we deny the petition.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Chanchavac-Leon is a Guatemalan native and citizen.  The Department of Homeland Security served him with a notice to appear before an immigration judge, charging that he was removable under the Immigration and Nationality Act.  At his initial removal hearing, Chanchavac-Leon, through counsel, admitted the factual allegations contained in the notice to appear and conceded the charge of removal.  The immigration judge sustained the removability charge.

Chanchavac-Leon filed an application for asylum, withholding of removal, and relief under the Convention.  In his application, he explained that he was a member of the K'iché indigenous group.  He recounted two incidents that led him to leave Guatemala.  First, on his way to a convenience store, he was followed by three adults.  He admitted he "did not know them or their intentions."  He was able to get away from the individuals by hiding and running home.

The second incident also occurred during a trip to the store.  Five men approached Chanchavac-Leon, grabbed him, and discussed whether they were going to kidnap him or force him to pay a ransom in one week.  Chanchavac-Leon did not recognize any of the men but saw that they were armed with knives.  The men also threatened to kill him if he did not join their criminal activities.  They hit him in his face and stomach.  But when a car approached, the men fled, and Chanchavac-Leon ran home.  Chanchavac-Leon

did not report either incident to the police. His parents advised him to leave Guatemala.

Chanchavac-Leon submitted two supporting documents: a news article about the arrest of a group of five kidnappers and a Guatemala human rights report issued by the United States Department of State. At the merits hearing, Chanchavac-Leon testified about the two incidents described in his application. He explained he was afraid to return to Guatemala because he thought he may be threatened again. When the immigration judge inquired about Chanchavac-Leon's social group for the asylum application, Chanchavac-Leon's counsel defined the group as "[c]hildren targeted for recruitment."

The immigration judge denied Chanchavac-Leon's application for asylum, withholding of removal, and relief under the Convention. The immigration judge made findings of fact consistent with Chanchavac-Leon's application and testimony. Specifically, as to the second incident, the immigration judge acknowledged that the five men had discussed whether "they were going to try to recruit [Chanchavac-Leon] into their criminal organization or attempt to abduct him and perhaps kidnap and extort from him." Based on those facts, the immigration judge still found that Chanchavac-Leon was not entitled to asylum or withholding of removal because he failed to establish a nexus between his past persecution and his proposed social group, "children targeted for recruitment." The immigration judge explained that "[w]hile the attempted kidnapping of [Chanchavac-Leon] is a serious criminal

offense, it's not dispositive in determining persecution." As to the claim for relief under the Convention, the immigration judge found that Chanchavac-Leon had "failed to establish that it is the [g]overnment of Guatemala or persons that would act as the government's agents or assigns that would wish to torture him now or in the future."

Chanchavac-Leon appealed the immigration judge's decision to the board. The board dismissed the appeal. As to asylum and withholding of removal, the board agreed with the immigration judge's determination that Chanchavac-Leon "did not establish a nexus between the harm he experienced and fears in Guatemala and his membership in the proposed particular social group." The board reasoned that the immigration judge "properly found that the evidence of record does not support the . . . contention that there is a nexus" as opposed to a "fear of harm . . . based on general criminal violence." The board also affirmed the immigration judge's denial of Convention relief because Chanchavac-Leon "did not establish that it is more likely than not that the Guatemalan government or a person acting in an official capacity would participate in, or with prior awareness, acquiesce to his torture."

Chanchavac-Leon now petitions for review.

**STANDARD OF REVIEW**

Unless the board expressly adopts an immigration judge's opinion, we review only the board's decision. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). When the board explicitly agrees with the findings of the immigration judge, we review

24-14057                 Opinion of the Court                    5

both decisions on those issues. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). "We review de novo the conclusions of law by the [b]oard and [i]mmigration [j]udge, but we review findings of fact for substantial evidence to support them." *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). Under the substantial evidence standard, "we must affirm if the decision . . . is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1237 (11th Cir. 2006) (quotation omitted).

## DISCUSSION

Chanchavac-Leon argues that the board erred in affirming the immigration judge's denial of asylum based on a lack of nexus between the incidents and his proposed social group. He also contends that the board's discussion of his asylum and Convention claims lacked reasoned consideration. We address each issue in turn.[1]

### *Nexus Determination*

Chanchavac-Leon argues that the board erred in affirming the immigration judge's finding that there was no nexus between a protected ground and his persecution. To establish eligibility for asylum, an applicant must show that he suffered past persecution,

---

[1] Chanchavac-Leon's appellate brief did not raise any challenge to the board's decision on his withholding of removal claim. Thus, he has abandoned that issue on appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

or has a well-founded fear of future persecution, "on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" 8 U.S.C. § 1158(a)(2)(A); *see Sanchez-Castro v. U.S. Att'y Gen.*, 998 F.3d 1281, 1286 (11th Cir. 2021). This is known as the nexus requirement. *Sanchez-Castro*, 998 F.3d at 1286. So long as one protected ground is a "central reason for persecuting the applicant[,]" 8 U.S.C. § 1158(b)(1)(B)(i), it does not matter that the applicant's "persecutors may have additional motives for their actions," *Rivera v. U.S. Att'y Gen.*, 487 F.3d 815, 821 (11th Cir. 2007).

As an initial matter, Chanchavac-Leon asserts that the board and immigration judge erred in failing to address whether he was persecuted on account of his status as a K'iché indigenous person. But, as the government points out, Chanchavac-Leon never argued below—to the immigration judge or the board—that he was persecuted on that basis. As a claim-processing rule, we require an applicant to exhaust all administrative remedies. 8 U.S.C. § 1252(d)(1); *Laguna Rivera v. U.S. Att'y Gen.*, 130 F.4th 915, 925 (11th Cir. 2025). Where, as here, the government asserts the applicant did not meet the exhaustion requirement, we will not review an issue not properly raised before the board. *Laguna Rivera*, 130 F.4th at 925. Thus, we will not consider Chanchavac-Leon's argument that his status as a K'iché indigenous person should have been addressed as a protected ground.

Chanchavac-Leon also contends that the board and immigration judge misapplied the law by finding that his attackers' criminal motives precluded him from establishing a nexus to a

24-14057                 Opinion of the Court                        7

protected ground.  But, contrary to Chanchavac-Leon's argument, neither the immigration judge's decision nor the board's misapply the law.  The immigration judge correctly stated that private violence is not evidence of persecution on account of a protected ground.  *See Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006).  But the immigration judge did not suggest that any criminal motives behind Chanchavac-Leon's attack precluded him from establishing a nexus.  In fact, the immigration judge explicitly stated that the criminal acts were "*not dispositive* in determining persecution."  Instead, the immigration judge determined there was no nexus based on the facts of the case.  The board agreed with the immigration judge that the record evidence showed general criminal violence but did not demonstrate a nexus between the persecution and the proposed social group.  Thus, neither the immigration judge nor the board misapplied the law in determining whether Chanchavac-Leon established a nexus.

*Reasoned Consideration of Evidence*

Next, Chanchavac-Leon argues that the board failed to give reasoned consideration to the evidence he submitted in support of his asylum and Convention claims.  To enable our review of a board's decision, the board must give reasoned consideration to an applicant's claims.  *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1333 (11th Cir. 2019) (internal quotation marks and citations omitted).  We review de novo an assertion that the board failed to give reasoned consideration.  *Id.*  In reviewing an application for relief, the board must consider all evidence submitted but need not address

specifically each claim or piece of evidence presented. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1302 (11th Cir. 2015), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023). The reasoned consideration requirement exists merely "to ensure that the [immigration judge] and the [board] considered the issues raised and announced their decisions in terms sufficient to enable review." *Id.* (citation omitted).

The board gave reasoned consideration to Chanchavac-Leon's evidence in support of his asylum and Convention claims. In assessing the asylum claim, the board agreed with the immigration judge in finding that "the evidence of record does not support the . . . contention that there is a nexus." The immigration judge's findings of fact were consistent with Chanchavac-Leon's description of the two incidents. The immigration judge acknowledged that the men in the second incident considered recruiting Chanchavac-Leon into their criminal organization, but concluded that the evidence did not show the perpetrators attacked him *because* he was a child targeted for recruitment.

Similarly, the board affirmed the immigration judge's denial of Convention relief based on a lack of evidence. The immigration judge acknowledged the "general conditions . . . of criminal upheaval" in Guatemala, but declined to find that those conditions established that Chanchavac-Leon was likely to face torture with the requisite state action as required to receive relief under the Convention. Chanchavac-Leon provided no evidence that the Guatemalan government or its officials would participate in, or

acquiesce to, his torture.  In fact, the news article he submitted showed that the Guatemalan government engaged in activities to combat violence by arresting a group of kidnappers.  Thus, the board's decision gave reasoned consideration to the evidence, even if it did not specifically discuss each piece.  *See Ali*, 931 F.3d at 1333–34.

## CONCLUSION

In sum, Chanchavac-Leon's petition is due to be denied because the board correctly applied the law and gave reasoned consideration to the evidence.

**PETITION DENIED.**